UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>                    Plaintiff,<br><br>          v.<br><br>R. FARLEY, ET AL.,<br><br>                    Defendant(s). | Case No. CV 20-4490-PA (KK)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

## I.

## **INTRODUCTION**

Plaintiff Lance Williams ("Plaintiff"), proceeding pro se and in forma pauperis, filed a First Amended Complaint ("FAC") pursuant to 42 U.S.C. § 1983 ("Section 1983") against correctional officers R. Farley, D. Arebalo, M. Williams, J. Graves, and D. Davis ("Defendants") alleging violations of his First, Eighth, and Fourteenth Amendment rights. For the reasons discussed below, the Court dismisses the FAC with leave to amend.

///

///

///

///

## II.

## **BACKGROUND**

On May 19, 2020, Plaintiff, an inmate at California Men's Colony – East ("CMC") constructively filed[1] the instant Complaint against Defendants, who are all correctional officers at CMC, in their individual and official capacities. ECF Docket No. ("Dkt.") 1. Plaintiff alleges (1) a First Amendment retaliation claim against all Defendants; (2) an Eighth Amendment excessive force claim against defendant Farley; (3) an Eighth Amendment "threat to safety" claim against defendants Farley, Arebalo, and Graves; and (4) a Fourteenth Amendment due process claim against defendants Williams, Graves, and Davis. Id. at 3-4.

On August 10, 2020, the Court dismissed the Complaint with leave to amend finding (1) the Eleventh Amendment bars claims for monetary damages against Defendants in their official capacity; (2) Plaintiff failed to state certain First Amendment retaliation claims against defendants Farley and Davis; (3) Plaintiff failed to state Eighth Amendment "threat to safety" claims against defendants Farley, Arebalo, and Graves; (4) Plaintiff failed to state a Fourteenth Amendment due process claim against defendants Williams, Graves, and Davis. Dkt. 8.

On September 8, 2020, Plaintiff filed the instant FAC against defendants Farley and Graves in their individual capacity and defendants Arebalo, Williams, and Davis in their individual and official capacities for violation of Plaintiff's First, Eighth, and Fourteenth Amendment rights. Dkt. 13.

The FAC sets forth the following allegations:

In Claim One, Plaintiff alleges on April 2, 2020, Plaintiff signed up for a 1:15 p.m. time slot to use the phone to call his attorney. Id. at 5. Shortly thereafter,

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); see Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule" applies to Section 1983 suits filed by pro se prisoners").

1  Plaintiff "received a priority medical pass for 1:00 p.m." Id. Later that day, Plaintiff
2  discovered defendant Farley had "scratched" Plaintiff's name off the phone list. Id.
3  Plaintiff questioned defendant Farley as to why his name was scratched off the list
4  and defendant Farley responded, "consider it payback for the many 602 appeal
5  grievances you filed on me" and then stated Plaintiff's medical pass conflicted with
6  the phone time. Id. Plaintiff questioned defendant Farley about "the policy that says
7  officers are supposed to scratch names off" and defendant Farley "could not provide
8  the policy." Id. Plaintiff then informed defendant Farley he "would be filing a 602
9  appeal grievance to address this policy and [defendant Farley's] actions." Id. Plaintiff
10 appears to allege he "couldn't contact his attorney" as a result of defendant Farley's
11 actions. Id.
12       In Claim Two, Plaintiff alleges on April 6, 2020, defendant Farley issued a
13 Rules Violation Report ("RVR") against Plaintiff for "unlawful influence" which
14 noted "[Plaintiff's] threats [were] valid due to [Plaintiff] having filed staff complaints
15 on me before." Id. at 6. Plaintiff alleges defendant Farley issued the RVR "strictly in
16 retaliation for Plaintiff's threat to file a 602 appeal grievance about [the] phone issue."
17 Id. In addition, Plaintiff alleges the RVR violated his Fourteenth Amendment due
18 process rights because Plaintiff "does not have repeated offenses for this charge" and
19 defendant Farley's "dishonest" allegations in the RVR are a "clear abuse of
20 discretion." Id.
21       On April 14, 2020, Plaintiff alleges he appeared at a hearing conducted by
22 defendant Arebalo as the Senior Hearing Officer regarding the RVR. Id. at 8.
23 Plaintiff alleges defendant Arebalo found him guilty of the RVR, but claims the
24 "preponderance of evidence standard was not met" because the RVR is unreliable
25 hearsay and defendant Farley's testimony was also unreliable. Id. at 7. Plaintiff
26 further alleges defendant Arebalo violated his Fourteenth Amendment due process
27 rights because defendant Arebalo was biased, asked non-impartial questions, and
28 denied Plaintiff's request for a relevant and material witness (i.e., a facility nurse) who

would have testified Plaintiff was done with his medical appointment before 1:15 pm. Id. at 9-10.

After the hearing suspended for the day, Plaintiff alleges defendant Farley called Plaintiff into a dark office, told Plaintiff to close the door, and "jumped up and attack[ed] [Plaintiff], grabbing his neck squeezing it and punching Plaintiff in [his] stomach," and stated "'if you file any more appeals on me or even think about filing a lawsuit[,] and I'll know because I talk to law library staff[,] I'll make sure you end up in the hole, I'll place a mysterious kite on you." Id. at 10. Plaintiff alleges defendant Farley's "assault and threats" violated his First, Eighth, and Fourteenth Amendment rights.[2] Id.

On April 15, 2020, when the hearing resumed, defendant Arebalo found Plaintiff guilty of the rule violation. Id. at 11. Plaintiff further alleges defendant Arebalo informed Plaintiff of his right to appeal the decision, but stated "if I was you I wouldn't it may get you fucked over and hurt." Id. Plaintiff alleges defendant Arebalo's threat showed he was deliberately indifferent to Plaintiff's health and safety in violation of Plaintiff's Eight Amendment rights. Id. at 12.

In Claim Three, Plaintiff alleges on April 24, 2020 he was taken to administrative segregation ("ad-seg") because a note was found in the prison mail system stating Plaintiff was "going to be stabbed due to him filing a lot of 602 appeal grievances." Id. at 13. Plaintiff alleges he "has personal knowledge this entire process was orchestrated and conjured up by [defendant] Farley" and other officers. Id. Plaintiff further alleges that on April 28, 2020, while he was in ad-seg, defendant Farley came to his door and said, "I told you we would get you and if you think about writing any 602 appeals or lawsuits again I can still have you cut up back here." Id. Plaintiff alleges defendant Farley then "pointed at him as if to shoot a gun" and

---

[2] Plaintiff clarifies his Eighth Amendment claim against defendant Farley is not based on the verbal threat about the "mysterious kite," but rather that "the chronology of events as well as the threat accompanied by assault place Plaintiff in imminent danger of serious physical injury." Id. at 11.

4

1 walked away. Id.  Plaintiff alleges this "chronology of events" shows defendant Farley
2 acted in retaliation in violation of Plaintiff's First Amendment rights.  Id.
3      In Claim Four, Plaintiff alleges that at his April 30, 2020 "annual" hearing,
4 defendant Williams, as "acting Captain", rescinded Plaintiff's "level 1 override
5 endorsement" that Plaintiff's previous counsellor had approved.  Id. at 14.  Plaintiff
6 alleges before the hearing defendant Williams came to Plaintiff's door in ad-seg and
7 said he would "rescind the level 1 override because Plaintiff filed too many
8 grievances" and because he filed a staff complaint grievance against defendant Farley.
9 Id. at 14.  In addition, Plaintiff alleges defendant Williams violated his due process
10 rights when he "refused to address" Plaintiff's upcoming mandatory parole review.
11 Id.  Plaintiff further alleges defendant Williams violated Plaintiff's due process rights
12 because (a) he refused to provide a staff assistant to help Plaintiff prepare for the
13 hearing, but falsely documented that defendant Graves provided assistance; (b)
14 Plaintiff did not meet with a staff assistant 24 hours before the hearing; and (c)
15 Plaintiff was not given 72 hours notice of the hearing.  Id. at 15.  Plaintiff alleges he
16 filed a Form 22 inmate request with defendant Graves requesting information "about
17 his involvement with [Plaintiff's] hearing", but defendant Graves responded to
18 Plaintiff by stating "don't involve me in your 602 and lawsuit shit I'm in control of
19 your life back here . . . it's nothing for you to end up hanging you see what happen[ed]
20 to Epstein".[3]  Id. at 16.  Plaintiff alleges this "comment (threat) placed Plaintiff in
21 imminent danger of serious physical injury."  Id. at 16.
22      Plaintiff further alleges defendant Davis "endorsed [Plaintiff] to a facility far
23 from his county" as part of a "campaign of harassment and retaliation".  Id. at 17.
24 When Plaintiff informed defendant Davis he had enemy and safety concerns at Deuel
25 Vocational Institution ("DVI"), where he was endorsed to be transferred, defendant

---

[3] Plaintiff clarifies he "is not claiming Graves violated due process [but that] defendant Williams did using Graves' name, nor is the Plaintiff making an 8th Amendment threat to safety claim unless [the] Court feels Graves' threat meets criteria."  Id. at 16.

5

1  Davis said, "I've been told all about you you['re] getting transferred to DVI a
2  nonprogramming facility since you like to file a lot of grievances." Id.  Plaintiff alleges
3  defendant Davis also violated Plaintiff's due process rights by failing to investigate
4  Plaintiff's safety concerns.  Id.

5  While the FAC is not clear as to which claims Plaintiff is seeking to raise
6  against each defendant, it appears Plaintiff seeks to allege the following claims: (1) a
7  First Amendment retaliation claim against defendants Farley, Williams, Davis; (2) an
8  Eighth Amendment excessive force claim against defendant Farley; (3) an Eighth
9  Amendment "threat to safety" claim against defendants Farley, Arebalo, and Graves;
10  and (4) a Fourteenth Amendment due process claim against defendants Farley,
11  Arebalo, Williams, and Davis.

12  Plaintiff seeks punitive, compensatory, and nominal damages as well as
13  "injunctive relief against future infringement of [Plaintiff's] 1st Amendment rights and
14  for expungement of unlawful influence RVR from [Plaintiff's] C-file", and deletion of
15  4 classification points, and an order that Plaintiff be "taken to classification and all
16  available credits [be] backdated as of [Plaintiff's] April 30, 2020 classification." Id. at
17  18.[4]

## III.
## STANDARD OF REVIEW

20  Where a plaintiff is proceeding in forma pauperis, a court must screen the
21  complaint under 28 U.S.C. § 1915 and is required to dismiss the case at any time if it
22  concludes the action is frivolous or malicious, fails to state a claim on which relief may
23  be granted, or seeks monetary relief against a defendant who is immune from such
24  relief.  28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th
25  Cir. 1998).

---

[4] Plaintiff makes clear he is not seeking monetary relief from defendants sued in their official capacity. Id. at 18.

6

1  Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a
2 "short and plain statement of the claim showing that the pleader is entitled to relief."
3 Fed. R. Civ. P. 8(a)(2).  In determining whether a complaint fails to state a claim for
4 screening purposes, a court applies the same pleading standard as it would when
5 evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See
6 Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).
7  A complaint may be dismissed for failure to state a claim "where there is no
8 cognizable legal theory or an absence of sufficient facts alleged to support a
9 cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007).  In
10 considering whether a complaint states a claim, a court must accept as true all of the
11 material factual allegations in it.  Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir.
12 2011).  However, the court need not accept as true "allegations that are merely
13 conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re
14 Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).  Although a complaint
15 need not include detailed factual allegations, it "must contain sufficient factual matter,
16 accepted as true, to state a claim to relief that is plausible on its face."  Cook v.
17 Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662,
18 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).  A claim is facially plausible when it
19 "allows the court to draw the reasonable inference that the defendant is liable for the
20 misconduct alleged."  Id.  The complaint "must contain sufficient allegations of
21 underlying facts to give fair notice and to enable the opposing party to defend itself
22 effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).
23  "A document filed pro se is 'to be liberally construed,' and a 'pro se complaint,
24 however inartfully pleaded, must be held to less stringent standards than formal
25 pleadings drafted by lawyers.'"  Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008).
26 However, liberal construction should only be afforded to "a plaintiff's factual
27 allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d
28 339 (1989), and a court need not accept as true "unreasonable inferences or assume

7

the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If a court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.

## DISCUSSION

**A.   EIGHTH AMENDMENT THREAT TO SAFETY CLAIMS**

Plaintiff seeks to allege an Eighth Amendment claim based on "threats to safety" against defendants Farley, Arebalo, and Graves. As discussed below, these claims are subject to dismissal.

**1.   Applicable Law**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (as amended). In order to state an Eighth Amendment claim, a plaintiff must "objectively show that he was deprived of something 'sufficiently serious,'" and "make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Foster v. Runnels, 554 F.3d 807, 812 (9th Cir. 2009) (citing Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L. Ed. 2d 811 (1994)). "A mere threat may not state a cause of action" under the Eighth Amendment. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (per curiam).

///

### 2. Analysis

Here, Plaintiff alleges that after physically assaulting Plaintiff, defendant Farley told Plaintiff "'if you file any more appeals on me or even think about filing any lawsuits . . . I'll make sure you end up in the hole, there may be a mysterious kite dropped on you." Dkt. 13 at 10.  Plaintiff also alleges defendant Arebalo advised Plaintiff not to appeal his RVR hearing determination and stated, "it may get you fucked over and hurt." Id. at 12.  Plaintiff further alleges defendant Graves told Plaintiff "it's nothing for you to end up hanging" and made reference to "what happen[ed] to Epstein". Id. at 16.  Plaintiff argues these "comment[s] (threats)" placed him in imminent danger of serious physical injury.  These mere threats of harm, however, do not rise to the level of an Eighth Amendment violation.  Gaut, 810 F.2d at 925; Ferguson v. Pagati, No. CV 12-00653-VBF (DTB), 2013 WL 3989426, at *5 (C.D. Cal. Aug. 1, 2013) (allegations of threats of physical violence, without more, are insufficient to state a claim under the Eighth Amendment).

Accordingly, Plaintiff's Eighth Amendment claims against defendants Farley, Arebalo, and Graves for verbal threats are subject to dismissal.

### B. FOURTEENTH AMENDMENT DUE PROCESS CLAIMS

Plaintiff alleges a Fourteenth Amendment due process claim against defendants Farley, Arebalo, Williams, and Davis.  As discussed below, these claims are subject to dismissal.

### 1. Applicable Law

The Due Process Clause of the Fourteenth Amendment protects individuals against deprivations of "life, liberty, or property." U.S. Const. amend. XIV, § 1.  "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 162 L. Ed. 2d 174 (2005) (citations omitted).  Due process analysis proceeds in two steps: "We first ask whether there exists a liberty or property interest of which a person has been

deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient." Swarthout v. Cooke, 562 U.S. 216, 219, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011).

Courts have held prisoners have "no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest," but they do have "the right not to be deprived of a protected liberty interest without due process of law." Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986); see also Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (finding inmate's claims based upon falsity of charges brought by a prison counselor did not state a constitutional claim). In order to establish the deprivation of a protected liberty interest, however, a prisoner must allege an "atypical, significant deprivation in which a State might conceivably create a liberty interest." Sandin v. Conner, 515 U.S. 472, 486, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995).

It is well established that inmates subjected to disciplinary action are entitled to certain procedural protections under the Due Process Clause but are not entitled to the full panoply of rights afforded to criminal defendants. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). A prisoner facing the loss of good time credits "must receive (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985) (citing Wolff, 418 U.S. at 563-567). If the procedural protections required by due process are afforded, a prisoner's disciplinary proceeding cannot violate due process so long as "some evidence" supports the disciplinary decision. Hill, 472 U.S. at 455.

///

///

**2. Analysis**

    **a.    Defendant Farley**

Plaintiff alleges defendant Farley violated his due process rights by issuing a "serious RVR" when Plaintiff "does not have repeated offenses for this charge" and defendant Farley's "dishonest" allegations in the RVR are a "clear abuse of discretion." Dkt. 13 at 6. Prisoners, however, have "no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." Freeman, 808 F.2d at 95. Accordingly, Plaintiff fails to state a due process claim against defendant Farley for falsely accusing him of a rule violation.

    **b.    Defendant Arebalo**

Plaintiff alleges defendant Arebalo violated his due process rights by finding Plaintiff guilty of the rule violation without meeting the "preponderance of evidence" standard, and because defendant Arebalo was biased, asked non-impartial questions, and denied Plaintiff's request for a relevant, material witness. Dkt. 13 at 7-10.

First, a fair trial in a fair tribunal is a basic requirement of due process that applies in prison disciplinary proceedings. In re Murchison, 349 U.S. 133, 136, 75 S. Ct. 623, 99 L. Ed. 942 (1955); Wolff, 418 U.S. at 570-71. Fairness requires an absence of actual bias and of the probability of unfairness. In re Murchison, 349 U.S. at 136. "There is a presumption of honesty and integrity on the part of decision makers which may be overcome by evidence of a risk of actual bias or prejudgment based on special facts and circumstances." Burgess v. Rios, No. 1:12-CV-00544-AWI (SK), 2015 WL 3402933, at *6 (E.D. Cal. May 27, 2015), aff'd, 658 F. App'x 335 (9th Cir. 2016) (citing Withrow v. Larkin, 421 U.S. 35, 46-47, 95 S. Ct. 1456, 43 L. Ed. 2d 712 (1975)). Plaintiff cites no evidence suggesting that the hearing officer relied upon knowledge or information acquired outside of the disciplinary proceedings or was otherwise biased against Plaintiff. Strawderman v. Ives, No. 3:18-CV-00609-JR, 2018 WL 5284221, at *2 (D. Or. Sept. 14, 2018), report and recommendation adopted, No.

3:18-CV-00609-MK, 2018 WL 5284194 (D. Or. Oct. 24, 2018).  Plaintiff has, therefore, failed to show he was denied a "fair tribunal."  In re Murchison, 349 U.S. at 136.

Second, in determining whether "some evidence" supports a disciplinary decision, this Court does not "make its own assessment of the credibility of witnesses or reweigh the evidence."  Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987).  Prison discipline may not be overturned even when the critical "evidence" is confidential hearsay, so long as the totality of the circumstances suggests that the informants are reliable, with more severe punishments requiring greater indicia of the hearsay's reliability.  Dawson v. Norwood, No. CV 08-01070-AHS (RZ), 2010 WL 761226, at *2 (C.D. Cal. Mar. 1, 2010), aff'd, 443 F. App'x 286 (9th Cir. 2011) (denying habeas relief, finding hearsay in reporting officer's initial report satisfied "some evidence" requirement to support guilty finding at disciplinary hearing that resulted in loss of 60 days' credit) (citing Kyle v. Hanberry, 677 F.2d 1386, 1390 (11th Cir. 1982)).  Law enforcement officers are presumed to be reliable, at least when hearsay that they provide supplies a basis for arrest.  Id. (citing United States v. Angulo-Lopez, 791 F.2d 1394, 1397 (9th Cir. 1986)).  Here, defendant Farley is presumed to be reliable and Petitioner has not established the RVR was not sufficiently reliable to support a guilty finding at a disciplinary hearing.  Dawson, 2010 WL 761226, at *2.  Defendant Farley's report and testimony, therefore, meets the "some evidence" standard required by due process and this Court cannot reweigh the evidence.  Cato, 824 F.2d at 705.

Third, due process prohibits prison officials from arbitrarily denying an inmate's request to present witnesses or physical evidence.  Hill, 472 U.S. at 454-455; Bostic v. Carlson, 884 F.2d 1267, 1273 (9th Cir. 1988).  It is the prison official's burden to prove that his decision denying the right to call a witness or introduce physical evidence was sufficiently justified.  Ponte v. Real, 471 U.S. 491, 499, 105 S. Ct. 2192, 85 L. Ed. 2d 553 (1985).  Prison officials may, however, disallow evidence on the ground that it is irrelevant or unnecessary or because doing so would present

1  hazards under the circumstances of the case. Wolff, 418 U.S. at 566. Plaintiff alleges
2  defendant Arebalo denied Plaintiff leave to call the nurse who treated him on April 2,
3  2020 as a witness to testify that Plaintiff's 1:00 p.m. medical appointment was done
4  before his 1:15 p.m. scheduled call, on the basis her testimony was not relevant. Dkt.
5  13 at 9-10. The Court finds that whether or not Plaintiff could get back from medical
6  in time for his 1:15 p.m. phone call is irrelevant to whether he made the statements to
7  defendant Farley that resulted in defendant Farley issuing an RVR for unlawful
8  influence. Defendant Arebalo's finding that the nurse-witness could not provide
9  additional relevant information regarding the RVR was, therefore, not arbitrary. Hill,
10 472 U.S. at 454-455; Wolff, 418 U.S. at 566.

### c. Defendant Williams

12 Plaintiff alleges defendant Williams improperly rescinded Plaintiff's "level 1
13 override endorsement" and refused to discuss Plaintiff's upcoming "parole date" at a
14 classification hearing. Dkt. 13 at 14. Plaintiff, however, has no liberty interest in his
15 classification status. See Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007)
16 (holding prison regulations governing inmate classification did not create cognizable
17 Eighth or Fourteenth Amendment liberty interests). Moreover, Plaintiff does not
18 explain how defendant Williams's failure to assign him a staff assistant constitutes an
19 "atypical, significant deprivation in which a State might conceivably create a liberty
20 interest." Sandin, 515 U.S. at 486.

### d. Defendant Davis

22 Similarly, Plaintiff's allegations that defendant Davis "endorsed" Plaintiff to be
23 placed in a facility "far from his county" fails to state a due process claim because
24 Plaintiff fails to identify any established liberty interest in avoiding being transferred to
25 a farther prison. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v.
26 Fano, 427 U.S. 215, 225-27 (1976); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir.
27 1991) (holding prisoner "was not entitled to a hearing prior to being transferred from
28 federal to state prison"); Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir. 1989)

1 (holding prisoner "has not alleged that any regulation or procedure created a
2 substantive restriction on the prison authorities' decision to return him to the
3 penitentiary. No liberty or property interest is violated where there is a failure to
4 allege a restriction on the authorities' right to transfer.").

Accordingly, Plaintiff's Fourteenth Amendment due process claims are subject to dismissal.

## V.
## LEAVE TO FILE A SECOND AMENDED COMPLAINT

For the foregoing reasons, the FAC is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Plaintiff is advised that the Court's determination herein that the allegations in the FAC are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, while the Court believes Plaintiff has failed to plead sufficient factual matter in his pleading, accepted as true, to state a claim to relief that is viable on its face, Plaintiff is not required to omit any claim in order to pursue this action. However, if Plaintiff asserts a claim in his Second Amended Complaint that has been found to be deficient without addressing the claim's deficiencies, then the Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following three options:

1. Plaintiff may file a Second Amended Complaint to attempt to cure the deficiencies discussed above. The Clerk of Court is directed to mail Plaintiff a blank

14

<u>Central District civil rights complaint form to use for filing the Second Amended Complaint, which the Court encourages Plaintiff to use.</u>

If Plaintiff chooses to file a Second Amended Complaint, he must clearly designate on the face of the document that it is the "Second Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form.  Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the FAC.  In addition, the Second Amended Complaint must be complete without reference to the FAC, Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint.  <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the Court will treat all preceding complaints as nonexistent.  <u>Id.</u>  **Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the Second Amended Complaint.**  <u>Lacey v. Maricopa Cty.</u>, 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a Second Amended Complaint that continues to include claims on which relief cannot be granted.  "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'"  <u>Ismail v. Cty. of Orange</u>, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); <u>see also</u> <u>Ferdik</u>, 963 F.2d at 1261.  Thus, **if Plaintiff files a Second Amended Complaint with claims on which relief cannot be granted, the Second Amended Complaint will be dismissed without leave to amend and with prejudice.**

2. Alternatively, Plaintiff may file a notice with the Court that he intends to stand on the allegations in his FAC.  If Plaintiff chooses to stand on the FAC despite the deficiencies in the claims identified above, then the Court will submit a

recommendation to the assigned district judge **that the deficient claims discussed in this Order be dismissed with prejudice for failure to state a claim**, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges. If the assigned district judge accepts the findings and recommendations of the undersigned Magistrate Judge and dismisses the deficient claims discussed in this Order, the Court will issue a separate order regarding service of any claims remaining in the FAC at that time.

3. Finally, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). <u>The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the action.</u>

**Plaintiff is explicitly cautioned that failure to timely respond to this Order will result in this action being dismissed without prejudice for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: October 13, 2020

_____
HONORABLE KENLY KIYA KATO
United States Magistrate Judge