UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-4490-PA (KK)** | Date: | June 22, 2022 |
|---|---|---|---|

Title: ***Lance Williams v. R. Farley, et al.***

---

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DONNISHA BROWN | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff: | Attorney(s) Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**   **Order to Show Cause Why Defense Counsel Should Not Be Sanctioned For Filing a Frivolous Motion to Dismiss**

On January 24, 2021, Plaintiff Lance Williams ("Plaintiff"), proceeding pro se and in forma pauperis, filed a Second Amended Complaint ("SAC") pursuant to 42 U.S.C. § 1983 ("Section 1983") against correctional officers R. Farley, D. Arebalo, M. Williams, J. Graves, and D. Davis alleging violations of Plaintiff's First, Eighth, and Fourteenth Amendment rights. Dkt. 23. On April 2, 2021, the Court issued a Report and Recommendation setting forth a description of the SAC and recommending dismissal of Plaintiff's Eighth Amendment "threat to safety" claims against defendants Farley, Arebalo, and Graves, and some of Plaintiff's Fourteenth Amendment due process claims against defendants Farley, Arebalo, Williams, and Davis with prejudice and without leave to amend. Dkt. 29. The Court expressly stated that the following claims would remain in the SAC:

    a)    First Amendment retaliation claims against defendant Farley in his individual capacity;
    b)    First Amendment free speech claim against defendant Farley in his individual capacity;
    c)    Eighth Amendment excessive force claim against defendant Farley in his individual capacity;
    d)    Fourteenth Amendment due process claim against defendant Farley in his individual capacity;
    e)    First Amendment retaliation claim against defendant Arebalo in his individual and official capacities;
    f)    First Amendment retaliation claim against defendant Davis in his individual and official capacities; and

      g)      First Amendment retaliation claim against defendant Williams in his individual and official capacities.

Id. at 19-20.

On April 6, 2021, the District Judge issued an Order accepting the Final Report and Recommendation. Dkt. 30.

On January 27, 2022, defendants R. Farley, D. Davis, D. Arebalo, and M. Williams ("Defendants") filed a Motion to Dismiss Plaintiff Second Amended Complaint ("Motion to Dismiss"). Dkt. 58. On February 10, 2022, Plaintiff constructively filed an opposition to the Motion to Dismiss. Dkt. 63. On April 28, 2022, Defendants filed a Reply. Dkt. 67. On May 10, 2022, Plaintiff constructively filed a Sur-Reply. Dkt. 68.

On June 7, 2022, the Court issued a Report and Recommendation that Defendants' Motion to Dismiss be denied and noting, inter alia, that Defendants' claim that Plaintiff failed to allege his was physically assaulted was not well taken in light of Plaintiff's express allegations to the contrary. Dkt. 70. On June 14, 2022, Defendants filed a "Notice" withdrawing their Motion to Dismiss because defense counsel "mistakenly" believed the SAC only comprised the first six pages of a 158-page document. Dkt. 71.

> Federal Rule of Civil Procedure 11 provides:
>
> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> . . .
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

FED. R. CIV. P. 11(b).

Here, it strains credulity to believe defense counsel only considered the first six pages of a 158-page document to comprise the entirety of the SAC, particularly when the Court's earlier Final Report and Recommendation screening the SAC and setting forth a description of the SAC specifically cited to pages well beyond page 6.

///
///
///
///
///

      The Court, therefore, ORDERS defense counsel Kevin Rigley and his supervisor, Giam Nguyen, to show cause why they should not be sanctioned for filing a frivolous Motion to Dismiss and then pursuing the frivolous motion by filing a Reply.  Accordingly, defense counsel Kevin Rigley and his supervisor Giam Nguyen shall <u>each</u> respond in writing to this Order to Show Cause no later than **Friday, July 1, 2022**.

      **IT IS SO ORDERED.**